## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **JINKYU PAK**, *et al.,* | **Case No. 14 C 3081** |
| **Appellants,** | **Hon. Harry D. Leinenweber** |
| v. | *Appeal from the* |
| **JW BOA, LLC**, *et al.,* | *United States Bankruptcy Court* |
| | *Northern District of Illinois,* |
| **Appellees.** | *Eastern Division* |
| | *USBC Nos. 13 B 33495* |
| | *and 13 B 33497* |

## MEMORANDUM OPINION AND ORDER

### I.   BACKGROUND

Jinkyu Pak and Holly Crest LLC (collectively, the "Debtors") appeal from two orders of the United States Bankruptcy Court for the Northern District of Illinois (Eugene R. Wedoff, *Judge)* denying the Debtors' motion for substantive consolidation and lifting the automatic stay against JW BOA, LLC and JW Foster, LLC (collectively, the "Lenders").  On May 22, 2014, the Debtors filed an emergency motion seeking to stay enforcement of the Bankruptcy Court's orders pending the resolution of this appeal.  The Court denied that application following a lengthy hearing and, on June 23, 2014, the Seventh Circuit affirmed.

The next day, the Bankruptcy Court entered an order pursuant to Section 1112(b) of the Bankruptcy Code dismissing the bankruptcy cases based upon the Debtors' gross mismanagement of the estate,

unauthorized use of cash collateral, and failure to satisfy certain reporting requirements. The Debtors did not oppose and have elected not to appeal that ruling.

The Lenders now seek to dismiss this appeal on grounds that it is moot in light of the dismissal of the underlying cases. For the reasons stated herein, the Motion is granted.

## II. ANALYSIS

Article III of the Constitution limits the exercise of federal jurisdiction to live cases and controversies. *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,* 300 U.S. 227, 239 (1937); *see also, City of L.A. v. Lyons,* 461 U.S. 95, 101 (1983). A case is live only if the court can "fashion some form of meaningful relief." *Church of Scientology v. United States,* 506 U.S. 9, 12 (1992) (emphasis omitted). "A case is moot, and thus falls outside of the judicial power conferred in Article III, if the outcome will no longer settle an active dispute about the parties' legal rights." *Aljabri v. Holder,* 745 F.3d 816, 820 (7th Cir. 2014). Thus, "if pending an appeal an event occurs which renders it impossible to grant any relief or renders a decision unnecessary[,] the appeal will be dismissed." *Fink v. Continental Foundry & Machine Co.,* 240 F.2d 369, 374 (7th Cir. 1957).

The Bankruptcy Court's dismissal of the Debtors' underlying cases plainly moots this appeal, for with no case pending below, there no longer is any active dispute for the Court to settle.

Indeed, "the dismissal of [a] bankruptcy case for reasons other than those on appeal to this [C]ourt is an intervening event which renders it impossible for this [C]ourt, if it should decide the case in [the Debtors'] favor, to grant [them] any effectual relief whatsoever." *Halas v. Papajcik,* 199 B.R. 654, 657 (N.D. Ill. 1996) (internal quotation marks omitted). As the court in *Halas* explained:

> [w]ithout an underlying case to which the court can "kick the case" back, any dispositive order issued by this court would be, by the very definition, inconsequential and moot. Since there is no longer a captive audience, *i.e.,* a lower court to which the court can direct an order, and no longer an active underlying case, it follows that any order issued by the court can neither affect the rights of the litigants, nor have an effect on a live case or controversy.

*Id.* (quotation marks in original).

Faced with a procedural history nearly identical to this case, the district court in *In re Robenson* found that a debtor's appeal of an order modifying an automatic stay was mooted by the intervening dismissal of the underlying bankruptcy case. *In re Robenson,* No. 88 C 5937, 1991 WL 274463, at *3 (N.D. Ill. Dec. 13, 1991). There, the debtor appealed from an order lifting the automatic stay against a secured creditor. While the appeal was pending, the bankruptcy court dismissed the underlying bankruptcy case based upon the debtor's failure to file a plan of repayment. In dismissing the appeal, the district court reasoned that any stay

- 3 -

imposed by operation of the Bankruptcy Code would cease necessarily upon dismissal of the underlying case. As the court explained, "[b]ecause there is no stay, the appeal of the bankruptcy court's order granting relief from the stay is moot. It is simply impossible for this court to grant [the debtor] the relief requested." *Id.* (citing *Fink,* 240 F.2d at 374).

Because the issues raised in this appeal are dependent entirely upon the existence of the Debtors' bankruptcy, which since has been extinguished by virtue of the Bankruptcy Court's subsequent rulings, it is obvious that the Court cannot grant the relief that the Debtors seek. There no longer are any bankruptcy estates to consolidate or cases to reverse. Nor would there be any forum for remand. In these circumstances, the appeal must be dismissed. *See, e.g., Belda v. Marshall,* 416 F.3d 618, 620 (7th Cir. 2005); *Matter of Statistical Tabulating Corp., Inc.,* 60 F.3d 1286, 1289 (7th Cir. 1995); *In re Olde Prairie Block Owner, LLC,* 515 F. App'x 590, 592 (7th Cir. 2013).

Although the Debtors cite a number of cases in which courts have found various intervening events insufficient to moot an appeal, all of those authorities are inapposite because none involved dismissal of the underlying case pending appeal. While the Debtors contend that the Court still could fashion some relief in this case by settling for this District the "looming question" of whether substantive consolidation is a cognizable legal

doctrine, (Debtors' Mem. in Opp. to Mot. to Dismiss ("Debtors' Opp. Mem.") at 1, ECF No. 38), that invitation amounts to nothing more than a request for an abstract advisory opinion. Even if a decision articulating the standards of substantive consolidation would be useful to bankruptcy courts in this District, Article III requires the Court to wait until the matter is raised properly before it. *Belda,* 416 F.3d at 620-21.

### III. CONCLUSION

For the reasons stated herein, the Lenders' Motion [ECF No. 35] is granted and the appeal is dismissed.


**IT IS SO ORDERED.**


_____
Harry D. Leinenweber, Judge
United States District Court

Date:10/17/2014